(February 4, 1924.)

STATE OF IDAHO, on Relation of A. H. CONNER, Individually, and as Attorney General, Plaintiff, v. H. F. ENSIGN, Judge of the District Court of the Fourth Judicial District, in and for the County of Gooding, and MYRTLE P. ENKING, Clerk of the District Court of Gooding County, Defendants.

[223 Pac. 230.]

WRIT OF REVIEW — WHEN GRANTED—MOTION TO QUASH—APPEALABLE ORDERS—JURISDICTION OF COURT—BOARD OF PARDONS—JUDGMENT, VACATION OF.

1. Upon the entry of a final judgment of conviction, no parole or suspension of sentence being included therein, and in the absence of a motion for a new trial, the court is wholly without jurisdiction to take further action or to make and enter a valid order vacating such judgment and releasing the accused, and a writ of review will lie to review such order.

2. An attempt on the part of the district court to set aside a judgment of conviction after the accused has been properly committed and commenced serving his sentence, is a usurpation of the powers of the board of pardons as defined by sec. 7 of art. 4 of the constitution.

3. The provisions of C. S., sec. 9041, relating to parole and suspension of sentence, must be exercised by the court at the time of the rendition of the judgment, and such parole or suspension of sentence must be included therein and become a part thereof, and cannot be invoked at a date subsequent thereto.

Original proceedings to procure writ of review to review action of the district court in annulling and vacating sentence of one convicted of bigamy. *Motion to quash writ denied. Order vacating sentence held void.*

Publisher's Note.

Right of trial court's power to change sentence after affirmance, see notes in 11 Ann. Cas. 298; 23 A. L. R. 536.

Power of court to suspend sentence or stay execution of sentence, see notes in 8 Ann. Cas. 386; 14 Ann. Cas. 722; Ann. Cas. 1912B, 1192; Ann. Cas. 1917B, 362; 33 L. R. A., N. S., 112; 39 L. R. A., N. S., 242; L. R. A. 1915C, 1169; L. R. A. 1918C, 551.

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Plaintiff.

From the nature of the action of the court below, together with all surrounding facts and circumstances, a writ of *certiorari* to review that action was the remedy to be pursued. (*State ex rel. Reid v. District Court* (Mont.), 218 Pac. 558.)

An order suspending judgment in a criminal case is not an appealable order. (*People v. Hartman,* 23 Cal. App. 72, 137 Pac. 611.) An appealable order within the intent and purpose of C. S., sec. 9069, is certainly not an order made out of court without notice to the adverse party, which in this case was the prosecution.

The power to grant pardons and the power to grant commutations after conviction and judgment are fixed exclusively in the board of pardons. (Sec. 7, art. 4, Const.)

The words "suspend" and "withhold" as used in C. S., sec. 9041, are synonymous with the word "postpone," and the court or judge thereof had no authority after execution of the sentence had commenced to enter an order suspending the said sentence and judgment. (*State v. Anderson* (S. D.), 181 N. W. 839.)

H. F. Ensign, *pro se.*

The order in question was unquestionably appealable and an appeal could have been taken from said order by the state. (C. S., sec. 9069.)

A writ of review will not lie where there is an appeal. (*Dahlstrom v. Portland Mining Co.,* 12 Ida. 87, 85 Pac. 916; *People v. Lindsay,* 1 Ida. 394; *Rogers v. Hays,* 3 Ida. 597, 32 Pac. 259; *Canadian Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 257.)

The writ should be dismissed or quashed because it is directed to the judge rather than the tribunal. (C. S., sec. 7245; *Onesti v. Freelon,* 61 Cal. 625.)

. Where the legislature provides in C. S., sec. 9069, subd. 4, that an appeal may be taken by the state "from

an order made after judgment affecting the substantial rights of the prosecution," there can be no justification in reading into this statute the further proviso that such orders must be based upon motions made by the defendant and served upon the prosecution. C. S., sec. 9041, which authorized the court to make its order in the case at bar, does not require any motion for the same, neither is there any provision that such motion be made by the defendant or that such motions be served upon the prosecution.

Under C. S., sec. 7244, the plaintiff, in order to maintain a writ of review, must be the party beneficially interested in the order.

BUDGE, J.—On January 4, 1923, an information was filed in the district court of the fourth judicial district for Gooding county charging one M. H. Sharp with the crime of bigamy. Application was made by the accused that his plea of guilty be received and that sentence and final judgment thereon be passed by the defendant judge at chambers at Hailey, which application was granted and on January 5, 1923, after a full investigation of the circumstances of the crime with which the said Sharp was charged, he was thereupon sentenced to serve six months in the county jail of Gooding county and pay a fine of $200 and costs of prosecution. Upon a commitment duly issued Sharp was placed in the custody of the sheriff of Gooding county and commenced serving the sentence. On February 24, 1923, a petition was addressed to the court by the board of county commissioners and the probate judge of Gooding county requesting the annulment of Sharp's sentence on the ground that he had been sufficiently punished, and for the purpose of saving expense to the county. On April 18, 1923 an order was made by the district court annulling the jail sentence and remitting the fine, and on April 20, 1923, Sharp was released from custody after paying part of the costs of prosecution and giving security for the balance thereof,

the order of release with the sheriff's return thereon not being filed until June 22, 1923. On June 16, 1923 an application for writ of review was filed in this court and on June 18, 1923, the writ was duly issued. To the writ a motion to quash has been served and filed by the defendant judge, specifying the following grounds therefor, to wit:

"1. That the plaintiff and petitioner has no standing herein for the reason that he has a plain, speedy, adequate and complete remedy at law by appeal.

"2. For the reason that the order sought to be reviewed is a special order made after final judgment and is appealable under the Compiled Statutes of the State of Idaho.

"3. For the reason that it appears that the court in making the order complained of had jurisdiction of the subject matter of the suit and of the parties and had jurisdiction to make and enter the order sought to be reviewed.

"4. That said writ was prematurely taken and obtained in that it was taken and obtained prior to the entry of the order complained of.

"5. For the reason that the relief sought, if granted will be of no beneficial or material consequence to the petitioner or the court."

We will discuss together the first three grounds urged. It is insisted that the plaintiff had a plain, speedy and adequate remedy by appeal and that the order, being a special order made after final judgment, is appealable and therefore not subject to be reviewed by writ of review. If an appeal lies from the order it can only be by virtue of C. S., sec. 9069, subds. 3 and 4, which provides as follows:

"An appeal may be taken by the state. . . . .

"3. From an order arresting judgment.

"4. From an order made after judgment affecting the substantial rights of the prosecution. . . . . "

The order complained of is not an order arresting judgment which must be made before or at the time the defendant is called for judgment. (C. S., sec. 9019.) Neither is it such an order made after judgment affecting the substantial rights of the prosecution as is contemplated by C. S., sec. 9069, subd. 4. That subdivision refers to an order made while the action to which it purports to relate is still pending and the court has jurisdiction to take further action. It does not refer to an order made when the action to which it purports to relate is no longer pending and the court has lost all jurisdiction to take any further action. In the present instance the action to which the order purports to relate was no longer pending and the court had no jurisdiction to take any further action. The order was therefore not appealable. We do not think there is any merit in the contention that the writ was prematurely issued. While it is true that the order complained of was not actually filed with the clerk of the court until after the issuance of the writ, it had been served upon the sheriff and complied with and the defendant released, the latter officer having failed to file his return until after the issuance of the writ.

We come now to the last contention, namely, that if the relief sought be granted it will be of no beneficial or material consequences to the petitioner or the court. Just what point is sought to be raised by this ground we are unable to determine. While it may be conceded that so far as the defendant judge or court below is concerned, the granting of the relief sought would neither be beneficial or material. The trial court or the judge would have no other or greater interest in the determination of the questions here presented than in any ordinary case brought before this court for review and we question very seriously whether the defendant judge is the real party affected by these proceedings. Since the order made by the court is absolutely void under the weight of authority it must be revoked and the judgment theretofore

entered enforced, even though the period of the sentence may have expired, and in this respect the determination of this question is at least material to the real party in interest, Sharp. (*State v. Sapp*, 87 Kan. 740, 125 Pac. 78, 42 L. R. A., N. S., 249; *Ragland v. State*, 55 Fla. 157, 46 So. 724; *State v. District Court* (Mont.), 218 Pac. 558; *Reese v. Olsen*, 44 Utah, 318, 139 Pac. 941; 16 Corpus Juris, sec. 3117, p. 1326.)

It is sought to justify the order annulling the judgment under the provisions of C. S., sec. 9041. The provisions of C. S., sec. 9041, relating to parole and suspension of sentence, must be exercised by the court at the time of the rendition of the judgment, and such parole or suspension of sentence must be included therein and become a part thereof, and cannot be invoked at a date subsequent thereto. The provisions of this section, however, were not complied with. The court, while clothed with jurisdiction, did not exercise its discretion to suspend the execution of judgment or withhold judgment on such terms and for such time as it might prescribe, but made and entered its final judgment, and after its jurisdiction ceased erroneously sought to exercise the power of the board of pardons. Upon no theory could matters in mitigation of the judgment be considered by the court after its final judgment was entered, which would warrant annulling the same, the power to pardon or parole after final judgment being vested solely in the board of pardons.

From what has been said it follows that the order made by the trial court, vacating and annulling the judgment entered on January 5, 1923, is absolutely void. Judgment will therefore be entered annulling the order herein reviewed. No costs allowed.

McCarthy, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.