269 P.2d 769

**STATE v. JOHNSON.**

No. 8081.

Supreme Court of Idaho.

April 27, 1954.

Rehearing Denied May 14, 1954.

H. J. Swanson, W. J. Ryan, Pocatello, for appellant.

Robert E. Smylie, Atty. Gen., Leonard H. Bielenberg, Asst. Atty. Gen., Hugh C. Ma-

guire, Jr., Pros. Atty., Pocatello, for respondent.

THOMAS, Justice.

Appellant was tried and convicted of the crime of lewd and lascivious conduct with a minor child under the age of sixteen years. On November 13, 1952, the judge of the district court sentenced appellant to the penitentiary for an indefinite term not exceeding fourteen years.

Appellant made no motion or application for probation or for suspension of execution of the judgment or for any other relief under the parole statute, section 19–2601, I.C., before judgment was pronounced and sentence imposed but appealed the judgment of conviction to this court which affirmed on September 29, 1953. State v. Johnson, 74 Idaho 269, 261 P.2d 638.

Thereafter, on October 6, 1953, and before the remittitur was filed in the office of the clerk of the district court, appellant for the first time made application for probation before the district court.

The district court heard the application and on October 27, 1953, denied probation. From the order denying probation, this appeal was taken. Thereafter the State filed a motion to dismiss the appeal on the ground that the district court had no jurisdiction to entertain the application for probation after judgment and sentence had been pronounced. This court entered an order to hear the motion to dismiss the appeal at the time the matter was set for hearing on the merits.

The motion to dismiss presents for determination the question of whether the district court has jurisdiction to entertain the petition for probation filed by appellant after the judgment of conviction and sentence imposed has been affirmed on appeal. If such jurisdiction exists then it is necessary to decide whether the trial court in denying probation abused its discretion. On the other hand, if the court was without jurisdiction to grant or deny probation after judgment of conviction and sentence such determination is decisive here.

Appellant urges that in some jurisdictions, particularly in federal jurisdictions and in California the trial court has jurisdiction to grant probation until one who has been convicted of a crime has been de-

livered into the custody of the warden of the penitentiary. The conclusions reached in other jurisdictions, either state or federal, are not controlling here for the reason that the conclusions reached in such jurisdictions were predicated upon statutory provisions dissimilar to the statutes of this state.

In reaching a decision herein it is necessary to and we shall consider only the statute of this state and the decisions thereunder. The controlling statute is section 19-2601, I.C. (formerly section 9041, C.S.) which provides as follows:

"Whenever any person shall have been convicted, or enter a plea of guilty in any District Court of the State of Idaho, of or to any crime against the laws of the State, except those of treason or murder, the court may, in its discretion, commute the sentence, confine the defendant in the county jail, or if the defendant is of proper age, in the State Industrial School, suspend the execution of the judgment, or withhold judgment on such terms and for such time as it may, *at such time or at any time during the term of sentence in the county jail,* prescribe and may put the defendant on probation in charge of some proper person selected and designated by the court for that purpose, and make such orders relative thereto as the Court in its sound discretion deems necessary and expedient."

The statute was amended in 1949 by adding the words underscored above. 1949 S.L. ch. 117, p. 211. Prior to such amendment this court in the case of State v. Ensign, 38 Idaho 539, 223 P. 230, 231, in construing the section, had this to say:

"* * * The provisions of C.S., § 9041, relating to parole and suspension of sentence, must be exercised by the court at the time of the rendition of the judgment, and such parole or suspension of sentence must be included therein and become a part thereof, and cannot be invoked at a date subsequent thereto. The provisions of this section, however, were not complied with. The court, while clothed with jurisdiction, did not exercise its discretion to suspend the execution of judgment or withhold judgment on such terms and for such time as it might prescribe but made and entered its final judgment and after its jurisdiction ceased erroneously sought to exercise the power of the board of pardons. Upon no theory could matters in mitigation of the judgment be considered by the court after its final judgment was entered, which would warrant annulling the same; the power to pardon or parole after final judgment being vested solely in the board of pardons."

What was said in the case of State v. Ensign, supra, at that time would apply with

equal or greater force under the statute as it now exists.

 After an affirmance of a judgment of conviction and sentence, upon appeal to this court the trial court loses its jurisdiction of the subject matter of the appeal and is without authority to change the judgment or order entered before the appeal. The judgment of this court is final and conclusive upon all the parties properly before it. If the judgment against appellant is affirmed on appeal the district court can only and must enforce such judgment, section 19–2824, I.C.; moreover, all orders necessary to carry the judgment into effect must be made by such court, section 19–2826, I.C.

■ The entry of the judgment and sentence or its affirmance on appeal brings an end to and completes the exercise of the district court's jurisdiction except to make any orders necessary to carry it into effect. Thereafter all matters regarding the execution are transferred to the State Board of Correction. T. 20, Ch. 2, I.C.

This principle is sound when viewed as a matter of policy as is so well pointed out in the case of State ex rel. Schock v. Barnett, 42 Wash.2d 929, 259 P.2d 404, 406. It is noted therein that the statute contemplates that the district court must maintain a due regard for the dignity of the law, the protection of society, the reformation of the offender and other considerations in fixing punishment. In aid of the effective performance of such duty district courts have the power after the plea of guilty or verdict of guilty to obtain through a presentence investigation a report of the criminal record, social history and present condition of the defendant as well as the circumstances surrounding the commission of the crime. Section 20–220, I.C. Such presentence investigation affords the court the opportunity at the appropriate time, that is, prior to the imposition of sentence, to have such matters before it for consideration; it is at that time and not after the pronouncement of sentence that a court is in need of this background information for its guidance. A very apt statement was made in the case of State v. Barnett, supra, with respect to this matter, as follows:

"After its decision is made, the main purposes of the report are exhausted. Also, in most, if not all, cases, the salutary purposes of the law would not be served, but would be defeated, if a defendant deserving of probation were to be subjected to penal service, which the law contemplates shall follow immediately upon the entry of final judgment."

 We hold upon the authority of State v. Ensign, 38 Idaho 539, 223 P. 230, that the district court was without jurisdiction to grant probation after the affirmance of the judgment of conviction on appeal.

Having reached this conclusion, it is unnecessary to consider the order of the court denying probation. It follows that the appeal should be and hereby is dismissed.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.