309 P.2d 203

Harold S. FORBUSH, Prosecuting Attorney of Teton County, State of Idaho, Petitioner,

v.

Honorable Preston THATCHER, District Judge of the Sixth Judicial District of the State of Idaho, in and for the County of Bingham, Respondent.

No. 8471.

Supreme Court of Idaho.

March 7, 1957.

Rehearing Denied April 15, 1957.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen. Harold S. Forbush, Pros. Atty., Driggs, for appellant.

James W. Blaine, Vernon K. Smith, Boise, for respondent.

PORTER, Justice.

This is an original proceeding in this court. Petitioner filed his application for the issuance of an alternative writ of prohibition commanding respondent to cease to act in excess of his jurisdiction and to show cause on a day certain why said alternative writ of prohibition should not be made permanent. The alternative writ was issued by this court and respondent duly filed his return to such alternative writ. Written briefs were filed by the parties and oral arguments presented in open court. The matter is now before this court for decision.

It appears from the record that in February, 1954, one Floyd Johnson was convicted of the crime of first degree burglary committed in the County of Teton. By reason of a change of venue, the cause was tried in the County of Bingham with respondent, District Judge Preston Thatcher, presiding. Johnson was sentenced to serve not more than fourteen years in the State Penitentiary. No application for probation or parole was made. Johnson appealed to the Supreme Court of the State of Idaho where the judgment of conviction was affirmed. State v. Johnson, 77 Idaho 1, 287 P.2d 425, 51 A.L.R.2d 1386.

Thereafter, Johnson filed his petition for writ of certiorari in the Supreme Court of the United States to obtain a review of the final judgment of the Supreme Court of the State of Idaho, which petition was by the Supreme Court of the United States denied. Johnson v. State, 350 U.S. 1007, 76 S.Ct. 649, 100 L.Ed. 869. After the denial of the petition for writ of certiorari and upon the going down of the remittitur from the Supreme Court of the State of Idaho, Johnson was noticed to appear for further proceedings in the district court to carry out the judgment. At the time of his appearance Johnson made application to the district judge to consider the granting of probation. After statements by counsel to the court and the interrogation of Johnson by the court, the trial judge announced that he would entertain jurisdiction to hear the application for probation, and ordered an investigation by a representative of the Board of Corrections. Thereupon, the petitioner filed this original proceeding in this court praying for a writ of prohibition to prohibit and enjoin defendant district judge from asserting and exercising jurisdiction to hear and determine the application of Johnson for probation.

Applications for probation or parole are governed by the provisions of Section 19-2601, I.C., which provide as follows:

"Whenever any person shall have been convicted, or enter a plea of guilty in any District Court of the State of Idaho, of or to any crime against the laws of the State, except those of treason or murder, the court may, in its discretion, commute the sentence, confine the defendant in the county jail, or if

the defendant is of proper age, in the State Industrial School, suspend the execution of the judgment, or withhold judgment on such terms and for such time as it may, at such time or at any time during the term of sentence in the county jail, prescribe and may put the defendant on probation in charge of some proper person selected and designated by the court for that purpose, and make such orders relative thereto as the Court in its sound discretion deems necessary and expedient."

Section 19–2824, I.C., reads as follows:

"If a judgment against the defendant is affirmed, the original judgment must be enforced."

Section 19–2826, I.C., is as follows:

After the certificate of the judgment has been remitted to the court below, the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and all orders necessary to carry the judgment into effect must be made by the court to which the certificate is remitted."

■ It is the contention of petitioner that the judgment of conviction having been affirmed by the Supreme Court and the cause having been remanded to the district court, such court under the foregoing statutes has only jurisdiction to carry out and enforce the judgment and is without jurisdiction to entertain and hear and determine a petition for probation or parole.

It is the contention of respondent that the trial court has jurisdiction to entertain the petition for probation and retains such jurisdiction until the convicted defendant is actually delivered by the judiciary to the executive branch of the government for carrying out of the sentence, that is, until his actual incarceration in the penitentiary. In this case Johnson has been at all times at liberty on bond. Respondent cites a number of cases from other jurisdictions in support of his contention.

The identical question of the jurisdiction of the trial court to entertain a petition for probation after affirmance of judgment of conviction by the Supreme Court was before this court in the case of State v. Johnson, 75 Idaho 157, 269 P.2d 769, wherein this court considered the same contentions on the merits made by respondent herein and decided the same adversely to respondent's position. In such case it was urged, as is urged by respondent here, that the trial court retained jurisdiction until defendant had been delivered into the custody of the warden of the penitentiary. Of this contention the court said, 75 Idaho 157, 159, 269 P.2d 769, 770:

"Appellant urges that in some jurisdictions, particularly in federal jurisdictions and in California the trial court has jurisdiction to grant proba-

tion until one who has been convicted of a crime has been delivered into the custody of the warden of the penitentiary. The conclusions reached in other jurisdictions, either state or federal, are not controlling here for the reason that the conclusions reached in such jurisdictions were predicated upon statutory provisions dissimilar to the statutes of this state."

In ruling adversely in such case to the contentions urged herein by respondent, we further said:

"After an affirmance of a judgment of conviction and sentence, upon appeal to this court the trial court loses its jurisdiction of the subject matter of the appeal and is without authority to change the judgment or order entered before the appeal. The judgment of this court is final and conclusive upon all the parties properly before it. If the judgment against appellant is affirmed on appeal the district court can only and must enforce such judgment, section 19–2824, I.C.; moreover, all orders necessary to carry the judgment into effect must be made by such court, section 19–2826, I.C.

"The entry of the judgment and sentence or its affirmance on appeal brings an end to and completes the exercise of the district court's jurisdiction except to make any orders necessary to carry it into effect. Thereafter all matters regarding the execution are transferred to the State Board of Correction. T. 20, Ch. 2, I.C."

In State v. Ensign, 38 Idaho 539, 223 P. 230, this court held that the provisions of Section 19–2601, I.C., relating to parole and suspension of sentence must be exercised by the court at the time of the rendition of the judgment and cannot be invoked at a date subsequent thereto. The decision in State v. Johnson, supra, relied in part upon the authority of State v. Ensign. Section 19–2601, I.C., was amended in 1949 by adding the words, now appearing therein, "at such time or at any time during the term of sentence in the county jail." State v. Ensign was decided prior to such amendment. Respondent contends that such case by virtue of such amendment of the statute is no longer authority and that State v. Johnson should not be followed as it is predicated upon the authority of State v. Ensign. Such contention is disposed of by the language in State v. Johnson wherein it was said:

"What was said in the case of State v. Ensign, supra, at that time would apply with equal or greater force under the statute as it now exists."

While there is no question here of any denial of Johnson's right to appeal, respondent in his argument in support of his position, contends that if Johnson had made application for and received relief under

Section 19–2601, I.C., at the time of pronouncement of sentence, he would have been held to have waived or forfeited his right to appeal from the judgment of conviction. And if the trial court does not have and retain jurisdiction to consider an application for probation after affirmance of the judgment of conviction by the Supreme Court, then Johnson by such ruling is placed in the position of being deprived of either his right to appeal from a judgment of conviction or his right to ask for relief under Section 19–2601, I.C. Respondent cites State v. Carpenter, 67 Idaho 277, 176 P.2d 919, in support of this contention.

We do not so understand the holding in State v. Carpenter. The writer of this opinion was the trial judge in the Carpenter case. At the time of pronouncement of sentence, defendant Carpenter asked for leniency under the provisions of Section 19–2601, I.C. Whereupon the trial court sentenced defendant to imprisonment in the penitentiary of the State of Idaho for the term of not less than one year nor more than five years, and commuted such sentence to confinement in the county jail for a period of four months. Thereafter, defendant appealed to the Supreme Court on the merits from the judgment of conviction. The State moved to dismiss such appeal on the ground that defendant having asked for and received relief under Section 19–2601, I.C., thereby waived or forfeited her right to appeal. The Supreme Court held that defendant had not waived her right to appeal from the judgment of conviction, denied the motion to dismiss the appeal and heard and determined the cause on its merits.

█ Respondent further contends that the request for the writ of prohibition is premature in that respondent has not yet either granted or refused the requested probation. There is no merit in this contention. Respondent has already attempted to take jurisdiction of the petition for probation and has ordered an investigation for the purpose of determining the merits thereof.

Petitioner is entitled to a peremptory writ of prohibition prohibiting respondent from assuming jurisdiction to hear and determine the petition of Floyd Johnson for probation and from exercising or attempting to exercise any jurisdiction in connection therewith. Let the peremptory writ of prohibition issue accordingly. No costs allowed.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.