310 P.2d 803

STATE of Idaho, Plaintiff-Respondent,

v.

Joe IVERSON, Defendant-Appellant.

No. 8514.

Supreme Court of Idaho.

April 16, 1957.

Rehearing Denied May 20, 1957.

May & May, Twin Falls, for appellant.

Graydon W. Smith, Atty. Gen., Cecil D. Hobdey, Pros. Atty., Gooding, J. R. Smead, Asst. Atty. Gen., for respondent.

SMITH, Justice.

Appellant, by a petition for writ of error coram nobis prays that a judgment entered May 21, 1954, adjudging him guilty of the crime of lewd and lascivious acts committed January 3, 1954, upon the body of a minor female child under the age of 16 years, I.C. § 18–6607, and sentencing him to imprisonment in the state prison, be set aside and that he be granted a new trial. He asserts that after the expiration of the statutory period within which to move for a new trial, he discovered evidence which allegedly would have prevented the rendition of the verdict of guilty and entry of judgment thereon, had such evidence been presented at the trial. Appellant alleges in effect that one Wright, during early November, 1954, confessed that he, not appellant, committed the crime for which appellant was convicted. Appellant further alleges that after having been placed under hypnosis February 20, 1956, he recalled experiences which occurred January 3, 1954, pointing to Wright as the perpetrator of the crime.

The State responded to the petition by a motion to strike portions thereof and by both general and special demurrers, which the trial court overruled. The State then filed its answer of general denial of all matters alleged in the petition, excepting the conviction and imposition of punishment, and subsequent affirmance of the judgment of conviction on appeal. The State, by way of affirmative defense, al-

leged as untrue Wright's alleged statement of confession that he committed the crime instead of appellant.

The trial court at the conclusion of a hearing had, denied appellant's petition for the writ. Appellant appealed from the resulting order of denial.

The judgment of conviction which appellant seeks to have set aside resulted after appellant was found to be sane, and at the conclusion of a trial of appellant on the merits, on the charge of his having committed the crime of lewd and lascivious acts upon the body of a female child of the age of 13 years. This Court affirmed such judgment of conviction. State v. Iverson, 77 Idaho 103, 289 P.2d 603.

The question presented is whether the ancient common law writ of error coram nobis, having for its purpose the setting aside of a final judgment of conviction of a court of competent jurisdiction, should be recognized as a judicial proceeding in the State of Idaho. Some jurisdictions recognize the writ to a limited and narrow degree under their particular constitutional and statutory provisions.

In approaching the question, it must be kept in mind that the State of Idaho has provided various statutory procedural remedies in recognition and for the protection of the rights of one accused of crime, before any conviction can obtain as well as after conviction; also, that much of our present day procedure, including the right of appeal, all grounded upon due process, was unknown to the common law.

■ The common law, so far as it is not repugnant to or inconsistent with the Constitution or laws of the United States, is the rule of decision of the courts of Idaho only in cases not provided for by the statutory law of this State. I.C. § 73–116.

The legislature of the State of Idaho by statutory enactments, has adopted a comprehensive system of criminal procedure as well as a system designed for the protection of the substantive rights of those accused and adjudged guilty of crime. Idaho Code, Title 19. See particularly: Application for new trial, I.C. § 19–2407; Arrest of judgment, I.C. §§ 19–2408 and 19–2409; Commutation of sentence and suspension of judgment, I.C. Title 19, c. 26; Inquiries into the sanity of an accused, I.C. §§ 19–2511, 19–2709 to 19–2712, and Title 19, c. 33; Appeals from Justices and Probate Courts, I.C. Title 19, c. 39; Appeals from District Courts to Supreme Court, I.C. Title 19, c. 28; Proceedings and qualifications for admission to bail, I.C. Title 19, c. 29.

■ The Board of Pardons, created by the Constitution, has power to remit fines and forfeitures, and to grant commutations and pardons after conviction and judgment, and the Governor has the power to grant respites and reprieves. Idaho Const. Art. IV, § 7; I.C. §§ 20–210 and 20–240.

■ The judgment of conviction of appellant became final and conclusive November 28, 1955, State v. Iverson, supra, and thereupon the judgment of this, the appellate, Court was forthwith remitted to the clerk of the trial court from whence the appeal was taken. I.C. § 19–2825.

I.C. § 19–2824 provides:

"If a judgment against the defendant is affirmed, the original judgment must be enforced."

and I.C. § 19–2826 reads:

"After the certificate of the judgment has been remitted to the court below, the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and all orders necessary to carry the judgment into effect must be made by the court to which the certificate is remitted."

The effect of the foregoing enactments is stated in State v. Johnson, 75 Idaho 157, 161, 269 P.2d 769, 771:

"After an affirmance of a judgment of conviction and sentence, upon appeal to this [Supreme] court the trial court loses its jurisdiction of the subject matter of the appeal and is without authority to change the judgment or order entered before the appeal. The judgment of this [Supreme] court is final and conclusive upon all the parties properly before it. If the judgment against appellant is affirmed on appeal the district court can only and must enforce such judgment, section 19–2824, I.C.; moreover, all orders necessary to carry the judgment into effect must be made by such court, section 19–2826, I.C.

"The entry of the judgment and sentence or its affirmance on appeal brings an end to and completes the exercise of the district court's jurisdiction except to make any orders necessary to carry it into effect. Thereafter all matters regarding the execution are transferred to the State Board of Correction. T. 20, Ch. 2, I.C."

See also State v. Ensign, 38 Idaho 539, 223 P. 230; Forbush v. Thatcher, 78 Idaho 597, 309 P.2d 203.

Clearly, the field contemplated by the writ of error coram nobis has been preempted by the legislature of this state. This, the appellate, Court has no further jurisdiction of an appeal or proceedings thereon after remittitur of the certificate of the judgment to the court below; and the district court has no further jurisdiction after the judgment has become final, except as is necessary to carry it into effect.

Appellant's constitutional and statutory rights have been determined by the courts. His judicial remedies have been exhausted. He has been finally committed to the custody and jurisdiction of the executive department of the government.

This Court cannot recognize the common law writ of coram nobis as a judicial remedy in this State.

The order of the trial court denying and overruling appellant's petition for writ of error coram nobis is affirmed.

KEETON, C. J., and PORTER, TAYLOR and McQUADE, JJ., concur.