IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 39235/39524

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 420 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 28, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES H. CRUMBLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Order denying motion to disqualify district judge, <u>affirmed</u>.

Silvey Law Office, Ltd.; Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

James H. Crumble appeals from the district court's order denying his motion to disqualify the district judge who presided over his criminal case.

## I.

## FACTS AND PROCEDURE

In these consolidated appeals, the State brought two criminal cases against Crumble in July 2005. In Docket No. 33627, Crumble was charged with rape, Idaho Code § 18-6101, for acts he committed against a twelve-year-old girl. In Docket No. 33625, Crumble was charged with burglary, I.C. § 18-1401, for entering a person's garage and committing theft. Pursuant to Idaho Criminal Rule 11, Crumble pled guilty to burglary and an amended charge of assault with the intent to commit a serious felony, I.C. §§ 18-901, 18-909. Prior to accepting the pleas, the district court informed the parties that it would defer its decision to accept or reject the agreement until it had the opportunity to review the presentence investigation report ("PSI").

1

At the sentencing hearing, the district court rejected the plea agreement based on its review of the PSI and the psychosexual evaluation. Crumble withdrew his guilty pleas. Several months later, Crumble pled guilty to burglary and an amended charge of lewd and lascivious conduct, I.C. § 18-1508. The district court imposed a unified term of life with twenty years determinate for the lewd and lascivious conduct charge and a concurrent unified term of ten years with five years determinate for the burglary charge. The district court entered the judgment and commitment on October 13, 2006. Crumble appealed, asserting that his sentences were excessive. This Court affirmed the district court's sentences in *State v. Crumble*, Docket Nos. 33625/33627 (Ct. App. Oct. 28, 2008) (unpublished), and issued a remittitur on January 9, 2009.

On December 31, 2009, Crumble filed motions with the district court to disqualify the district judge who presided over his sentencing, to withdraw his guilty plea, and to have counsel appointed for him. The district court denied his motion to disqualify the judge and granted his motion to have counsel appointed for him. Thereafter, appointed counsel filed another motion to disqualify the judge and an amended motion to withdraw Crumble's guilty plea. The district court denied the motion to disqualify the judge and Crumble filed a motion for permission to appeal pursuant to Idaho Appellate Rule 12(b). The district court granted permission to appeal; however, Crumble's counsel failed to file a motion with the Idaho Supreme Court requesting acceptance of the appeal by permission, pursuant to I.A.R. 12(c), and that Court dismissed the appeal. The district court reentered the order granting permission to appeal and Crumble filed a motion with the Idaho Supreme Court requesting acceptance of the appeal, pursuant to I.A.R. 12(c). The Idaho Supreme Court denied the motion for permission to appeal.

On August 8, 2011, the district court reentered Crumble's judgment and commitment pursuant to the court granting post-conviction relief. The reentered judgment and commitment provided Crumble the right to appeal the judgment and to "assert and pursue all issues arising from the trial proceedings, including sentencing proceedings, and as may be further encompassed by the existing Motions under I.C.R. 33." Crumble timely appeals from the reentered judgment and conviction.

## II.

## ANALYSIS

Crumble claims that the district court erred when it denied his motion to disqualify the judge. The State contends that the district court lacked jurisdiction to consider Crumble's motion because Crumble's judgment of conviction had already become final. The issue of whether the district court had jurisdiction over Crumble's motion to disqualify the judge is a question of law over which we exercise free review. *Troupis v. Summer*, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009); *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010). In *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003), the Idaho Supreme Court stated:

> This Court has long recognized that a court's jurisdiction to amend or set aside the judgment in a case does not continue forever. *Boyd v. Steele*, 6 Idaho 625, 59 P. 21 (1899) (where action had been dismissed by plaintiff, district court lost jurisdiction over the matter); *State ex rel. Conner v. Ensign*, 38 Idaho 539, 223 P. 230 (1924) (order annulling jail sentence and remitting fine made over three months after sentencing was void because district court no longer had jurisdiction); *Mathers v. Mathers*, 42 Idaho 821, 248 P. 468 (1926) (where divorce decree had become final upon expiration of time for appeal, district court did not have jurisdiction to modify the decree to add a provision for alimony); *McAllister v. Erickson*, 45 Idaho 211, 261 P. 242 (1927) (where district court dismissed case for lack of prosecution, it did not have jurisdiction one year later to reinstate the case); *State v. Neil*, 58 Idaho 359, 74 P.2d 586 (1937) (where statutory time within which to move for a new trial had lapsed, district court was without jurisdiction to grant the motion); *State v. Johnson*, 75 Idaho 157, 269 P.2d 769 (1954) (where judgment had been affirmed on appeal, the district court did not have jurisdiction to amend judgment by placing defendant on probation); *State v. Iverson*, 79 Idaho 25, 310 P.2d 803 (1957) (where statutory time within which to move for a new trial had expired and judgment had been affirmed on appeal, district court did not have jurisdiction to grant motion for a new trial based upon newly discovered evidence); *Paul v. Paul*, 97 Idaho 889, 556 P.2d 365 (1976) (district court did not have jurisdiction to modify the property provisions of a divorce decree after time for appeal had expired); *State v. Chapman*, 121 Idaho 351, 825 P.2d 74 (1992) (because of unreasonable delay in ruling upon motion for probation or to reduce sentence, district court lost jurisdiction). Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal.

*Id.* at 354-55, 79 P.3d at 713-14. A challenge to the district court's subject matter jurisdiction may be raised at any time and may not be waived by the parties. *Peterson*, at 612, 226 P.3d at 554.

3

In the instant case, the district court's jurisdiction to entertain a motion in Crumble's criminal proceedings expired when this Court affirmed Crumble's sentence on appeal. Therefore, the district court lacked jurisdiction to entertain Crumble's motion to disqualify the judge filed on December 31, 2009. Crumble has failed to assert a statute or rule that extended the district court's jurisdiction to entertain his motion.[1] To the extent Crumble is arguing that I.C.R. 25(c) extends the district court's jurisdiction, we conclude that I.C.R. 25(c) raises an issue of timeliness rather than subject matter jurisdiction. This rule allows a party to disqualify a judge for cause at any time.[2] However, this rule does not provide the district court the authority to act in a case in which it lacks jurisdiction. Instead, this rule permits a party to move to disqualify a judge at any time during a proceeding in which the district court already has jurisdiction. As such, the district court had no jurisdiction to entertain the motion. Therefore, to the extent that this is a direct appeal from Crumble's criminal proceedings, the district court had no jurisdiction to entertain such a motion; thus, all the district court proceedings that resulted from its entertainment of the motion are void. *See State v. Armstrong*, 146 Idaho 372, 378, 195 P.3d 731, 737 (Ct. App. 2008) (holding that the district court lacked jurisdiction to grant Armstrong's motion to withdraw his guilty plea after the time to appeal had lapsed; therefore, all court proceedings following the court's granting the motion were void because they occurred without subject matter jurisdiction).

Crumble contends that he is entitled to appeal the denial of his motion to disqualify because the district court reentered judgment in this case to allow for just such an appeal. Crumble asserts that "this now well established remedy means that a case which was final is not

---

[1]     Rules extending the district court's jurisdiction are few. For example, I.C.R. 34 allows a district court to grant a new trial within two years after final judgment based upon newly discovered evidence. A district court can also correct a sentence that is illegal from the face of the record at any time, including after final judgment, pursuant to I.C.R. 35.

[2]     Idaho Criminal Rule 25(c) provides that:
> Any such disqualification for cause shall be made by a motion to disqualify accompanied by an affidavit of the party or that party's attorney stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion. Such motion for disqualification for cause may be made at any time. The presiding judge or magistrate sought to be disqualified shall grant or deny the motion for disqualification upon notice and hearing in the manner prescribed by these rules for motions.

final until the conclusion of the direct appeal filed following the [post-conviction]." Crumble points us to our decision in *Beasley v. State*, 126 Idaho 356, 883 P.2d 714 (Ct. App. 1994), as support for this "well established remedy." In *Beasley*, this Court found a basis for post-conviction relief because Beasley's defense counsel failed to file an appeal despite Beasley's requests. This Court ordered the judgment of conviction to be vacated and reentered to allow Beasley to seek review through a delayed appeal. *Id.* at 363, 883 P.2d at 721. However, *Beasley* is distinguishable from the instant case. In *Beasley*, the district court had jurisdiction to entertain the underlying proceedings that led to the appeal. In the instant case, the district court never had jurisdiction to entertain the motion to disqualify the judge, which is the underlying proceeding that is the subject of this appeal.

Therefore, contrary to Crumble's assertions, we determine that the reentering of the judgment did not retroactively confer jurisdiction on the district court to entertain a motion that it otherwise did not have jurisdiction to entertain, nor provide an avenue of appeal to this Court. The remedy in post-conviction proceedings is limited to the scope of the proven allegation. Without having the basis of post-conviction relief before us, we are unable to divine any basis or purpose for reentering the judgment and commitment as relief to Crumble's post-conviction petition. If Crumble had asserted in his post-conviction petition that the district court was, because of the exposure to the psychosexual evaluation, biased and/or that counsel was ineffective for failing to file a motion to disqualify and the district court, in the post-conviction proceeding, agreed, then relief in the form of withdrawal of the guilty pleas may have been granted. In such case, any appeal of that decision would be in the post-conviction case. Similarly, if such a claim was made in the post-conviction proceeding and the district court denied the claim, i.e., determined that no bias existed, then, once again, appeal of that determination would be in the post-conviction case. This appeal is asserted in the criminal case. The district court could not grant post-conviction relief in the form of reentry of judgment in the criminal case in order to either establish jurisdiction in itself to entertain the motion to disqualify, or in this Court to entertain an appeal therefrom.

### III.
### CONCLUSION

The district court did not have jurisdiction to grant Crumble's motion to disqualify the judge.  Therefore, we affirm the district court's denial of the motion.

Judge LANSING and Judge MELANSON **CONCUR.**