**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39888**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 614 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KIRKLEY ALLEN EVANS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order denying motion for credit for time served, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kirkley Allen Evans appeals from the district court's denial of his motion for credit for time served. He argues he should have been credited with the five days he was held at the Idaho Department of Correction (IDOC) facility between the time he was sentenced by the district court and when he was transported to California to serve a federal sentence.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Evans entered an *Alford* plea[1] to the charge of aggravated assault upon a law enforcement officer, Idaho Code §§ 18-915, 18-905, 18-901, and was sentenced to a unified term of ten years with six years determinate. After this Court affirmed his judgment of conviction and sentence, Evans filed a motion for credit for time served pursuant to I.C. § 18-309, requesting "credit for

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

all local, county and state time served." Along with his motion, he filed an affidavit and several exhibits. In his affidavit he stated that after he was sentenced on August 21, 2008, he served five days in the custody of the IDOC, after which he was transferred to California to serve a federal sentence. Evans alleged he was not given notice when he was transferred from the IDOC to federal prison authorities, and therefore his due process rights were violated. He asserted that his state sentence was "never halted" and that he served 790 days of his state conviction while he was in federal prison, thereby suggesting that his state sentence should be credited with all of the time he served in federal prison, although his arguments were less than clear. The district court denied Evans' motion stating that his due process argument was frivolous since he was given notice in the judgment of conviction which stated that his state and federal sentences would run consecutively, and there is no law requiring any additional notice to the defendant. Evans appeals.

## II.

## ANALYSIS

As an initial matter, we note the particular issue that Evans argues on appeal is that the district court erred in denying him credit for five days while he was in the custody of the IDOC, before being transferred to serve his federal sentence. This precise issue was not addressed by the district court because Evans did not ask for credit for any specific dates in his original motion, instead contending that he was entitled to credit for all of the time served on the federal sentence, 790 days, against his state sentence. The district court, therefore, did not have an adequate opportunity to address this issue in its order. The State argues that this issue was not preserved for appeal. "Appellate court review is limited to the evidence, theories and arguments that were presented below." *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007) (quoting *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006)).

However, even if we were to address Evans' claim on appeal, it is without merit. Evans claims that the district court is authorized to correct a post-judgment computation of sentence. However, a defendant may file a Rule 35(c) motion for credit for time served to "correct a *court's* computation of credit for time served, granted pursuant to Idaho Code Sections 18-309 or 19-2603" (emphasis added). Thus if the court, in its original judgment, did not calculate the time correctly, then Rule 35(c) allows a defendant to bring an action to have the original judgment corrected to include the pre-judgment time that the defendant served. Idaho Code § 18-309 is

2

specific to credit for time served "prior to entry of judgment." The district court's jurisdiction ends when the judgment becomes final. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003) ("Absent a statute or rule extending its jurisdiction . . . the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal."). Once the judgment has been entered, all matters regarding the execution are transferred to the IDOC. *State v. Johnson*, 75 Idaho 157, 161, 269 P.2d 769, 771 (1954).

In this case, Evans does not allege that the district court miscalculated his credit for time served. He simply appears to allege that the five days of post-judgment incarceration were not credited to him by the IDOC. This is not an allegation that the *court* miscalculated his time, but that the IDOC has not carried out the court's sentence properly. His dispute therefore lies with the IDOC, where he can either petition the IDOC to have the five days credited to him, or file a habeas corpus action under I.C. § 19-4203(2)(c) to have the court inquire into the calculation of his sentence.

### III.
### CONCLUSION

Because Evans does not allege that the district court miscalculated his credit for time served, the district court did not have jurisdiction to hear Evans' claim. The district court's order denying Evans' motion for credit for time served is therefore affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

3