Coös, }
Dec. 7, 1909. }

STATE (*ex rel.* BUCKLEY) *v.* DREW. ·

STATE (*ex rel.* PICKFORD) *v.* DREW.

Upon request of a respondent, the court may definitely or indefinitely suspend the imposition or execution of his sentence.

Section 3, chapter 122, Laws 1903, does not authorize the court to suspend sentences, but merely limits the exercise of its common-law power in cases where respondents are convicted of violating the prohibitory liquor law.

A legal sentence of imprisonment is to be satisfied only by the actual suffering of the restraint imposed, unless remitted by death or by some lawful authority.

HABEAS CORPUS. The writ was issued in each case, and the petitioners were brought before the court at the April term, 1909. Upon hearing, the court (*Plummer*, J.) ordered the petitioners remanded. Exceptions to the order were allowed, and the petitioners admitted to bail pending their determination.

At the April term, 1908, of the superior court, both petitioners were indicted for violating section 15, chapter 112, Public Statutes. The county solicitor agreed that if they would plead guilty that part of the sentences which required their imprisonment might be suspended. The court so far ratified the agreement as to attach to each sentence the memorandum, "Mittimus to issue at call of said solicitor." The solicitor called for the mittimuses in April, 1909, and the petitioners when arrested applied for the writs.

*Sullivan & Daley* and *Drew, Jordan, Shurtleff & Morris*, for the petitioners.

*Bernard Jacobs*, solicitor, for the defendant.

YOUNG, J. The petitioners contend that, notwithstanding the court may have common-law jurisdiction to suspend sentences in some cases (4 Bl. Com. 394), it cannot legally suspend either the imposition or the execution of a sentence for an indefinite time. Although that may be the law in some states, it is not the view which obtains here; for this court holds that it may at the request of the defendant suspend either the imposition (*Philpot* v. *State*, 65 N. H. 250) or the execution of a sentence (*Sylvester* v. *State*, 65 N. H. 193), for either a definite (*Ex parte Howard*, 17 N. H. 545) or an indefinite time. *Sylvester* v. *State, supra; Philpot* v.

*State, supra.* The court therefore had power to make the part of the order complained of; but if that were not the fact, it would not authorize the discharge of the petitioners.

Concede that the court had no authority to suspend the sentences, and the fact still remains that it had power to impose them; and as the two parts of the order are separate and distinct, the illegality of the last part would in no way affect the validity of the first part. *Sylvester* v. *State, supra.* That is, if the part of the court's order complained of were illegal, the part of which no complaint is made would still be valid, and it would be the duty of the court to enforce it; for as was said in a recent case (*Petition of Moebus,* 73 N. H. 350, 352), "the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority." Section 3, chapter 122, Laws 1903, does not purport to confer authority on the court to suspend sentences, but merely limits the court's exercise of its common-law power in cases of this kind.

Although it is true that if the petitioners had been committed to jail at the time their sentences were imposed, the sentences would long since have been executed, that fact furnishes no legal reason for their discharge. They were legally sentenced to be confined in jail for sixty days. "Neither the date of its commencement nor its expiration is fixed by the terms of the sentence" (*Dolan's Case,* 101 Mass. 219, 222), and they have not suffered the imprisonment. Consequently they must suffer it; for, as has been seen that is the only way a legal sentence can be satisfied.

*Exceptions overruled.*

All concurred.