(February 25, 1911.)

In the Matter of the Application of CHRIS PETERSON for a Writ of Habeas Corpus.

[113 Pac. 729.]

HABEAS CORPUS — JUDGMENT — FORM OF — LOSING JURISDICTION — SENTENCE—SUSPENDING INDEFINITELY.

(Syllabus by the court.)

1. Where on a plea of guilty the defendant is sentenced to imprisonment for a term of six months and a fine of $300 and costs of suit, and it is provided in the judgment that in case said fine and costs are not paid, defendant be imprisoned in the county jail until said fine and costs are paid, at the rate of one day's imprisonment for each two dollars of the fine and costs, not exceeding 172 days in all, and it is further ordered that upon payment of said fine and costs the judgment for six months' imprisonment be suspended until further order of the court or the judge thereof, and the defendant pays said fine and costs and is released without bail, the court has no authority to have the defendant rearrested and imprisoned to serve out said term of imprisonment.

2. The final sentence and judgment against the defendant cannot be made a mere matter of discretion with the judge or court to

depend upon the subsequent conduct of the convicted person. Such sentence is wholly unauthorized by law, and a defendant imprisoned thereunder will be discharged on *habeas corpus*.

Original application for writ of *habeas corpus*. Writ granted and defendant discharged.

Herman H. Taylor, for Petitioner.

"The rendering of judgment and the final sentencing of the defendant cannot be made a mere matter of discretion with the judge or the public prosecutor nor to depend upon the subsequent conduct of the convicted person." (*People ex rel. Boenert v. Barrett*, 202 Ill. 287, 95 Am. St. 230, 67 N. E. 23, 63 L. R. A. 82; *Weaver v. People*, 33 Mich. 296; *In re Strickler*, 51 Kan. 700, 33 Pac. 620.)

The vacation and resentence after part of a valid sentence, partly or wholly executed, is void. (25 Am. & Eng. Ency. of Law, 315, and cases cited; *State v. Addy*, 43 N. J. L. 113, 39 Am. Rep. 547; *State v. Crook*, 115 N. C. 760, 20 S. E. 513, 29 L. R. A. 261; *Ex parte Lange*, 18 Wall. (U. S.) 163, 21 L. ed. 872; *State v. Warren*, 92 N. C. 825; *State v. Gray*, 37 N. J. L. 368.)

Under a like statute, the courts of California and other states have held that where imprisonment is inflicted under a section identical with 7994, Rev. Codes, and a fine imposed in addition thereto, the court cannot enforce payment of the fine by imprisonment for its nonpayment in addition to the imprisonment originally pronounced. (*In re Rosenheim*, 83 Cal. 388, 23 Pac. 372; *People v. Hamberg*, 84 Cal. 468, 24 Pac. 299; *In re Wadleigh*, 82 Cal. 518, 23 Pac. 190; *Lowrey v. Hogue*, 85 Cal. 600, 24 Pac. 995; *People v. Brown*, 113 Cal. 35, 45 Pac. 181; *Roberts v. Howells*, 22 Utah, 389, 62 Pac. 892.)

The judgment is a unit, and if one portion of it is without the jurisdiction of the court, the judgment is void. (*Ex parte Kelly*, 65 Cal. 154, 3 Pac. 673; *Ex parte Cox*, 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197.)

The judgment for a fine of $300 and the costs, with a provision for imprisonment if they are not paid, was the real judgment of the court, and the portions of it providing for six months' imprisonment, in view of the order suspending it, may be considered the void portion, or at least that it was not to be inflicted. This construction would not make necessary the finding that any portion of the sentence was void, but that the real sentence was a fine of $300 and costs, to be either paid' or served at the rate of one day for each two dollars. (*People v. Blackburn*, 6 Utah, 347, 23 Pac. 759.)

D. C. McDougall, Attorney General, and O. M. Van Duyn, Assistant, for the State, file no brief.

SULLIVAN, J.—This is an application for a writ of *habeas corpus* to obtain the release of Chris Peterson from the custody of the sheriff of Bonner county. The cause of the imprisonment is as follows:

On the 9th of December, 1910, in the district court of Bonner county, the defendant plead guilty to the charge of selling intoxicating liquors in violation of what is commonly known as the local option law (Sess. Laws, 1909, p. 9). The defendant appeared for sentence and the following sentence and judgment was entered in the minutes of the court on December 10, 1910:

"At this day, the state was representea by Mr. Peter Johnson, prosecuting attorney, and John A. Steinlein, the defendant, was represented by his counsel, Mr. E. W. Wheelan, the said defendant through his said counsel having heretofore entered a plea of guilty in said action, and the court having fixed this date as the time to pronounce judgment, and the court being fully advised rendered its judgment as follows:

"It is the judgment of the law and the sentence of the court that you, the said Chris Peterson, be imprisoned in the county jail situated at Sandpoint, Bonner county, state of Idaho, and be therein confined for a period of six months,

and that the date of your confinement will commence when you reach the jail, and that you pay a fine in the sum of $300 and the costs taxed at $44.30, and that in case said fine and costs are not paid you be imprisoned in the county jail. of said county until said fine and costs are paid at the rate of one day imprisonment for each $2 of said fine and costs, not exceeding 172 days in all for such nonpayment of fine and costs. It is further ordered that upon payment of said fine and costs, the foregoing judgment of six months' imprisonment be suspended until the further order of this court, or the judge thereof.''

On the 9th day of December, 1910, the defendant also entered a plea of guilty to another charge of the same kind and a judgment was entered against him sentencing him to imprisonment for six months in the county jail and a fine of $200 and costs of suit, which fine and costs amounted to $219.80, and the defendant was sentenced to imprisonment in the county jail at the rate of one day for each two dollars of said fine and costs, amounting to 109 days. It was also provided by said judgment that upon payment of said fine and costs the sentence of imprisonment should be suspended until the further order of the court or judge. The defendant thereupon paid the fine and costs in both cases and was released from custody without bail, and was permitted to go at liberty without any requirement to further appear under said judgments or either of them, except that the sentence of six months' imprisonment was suspended until the further order of the court or judge. Thereafter, without any notice to the defendant or his attorney and without any modification of said judgment, the clerk of said court delivered to the sheriff of said county a commitment in said first action, which is in words and figures as follows:

''At this day the defendant appeared in open court with his counsel, E. W. Wheelan, Esquire, the state being represented by Peter Johnson, prosecuting attorney, and John A. Steinlein, Esquire.

''Thereupon the defendant was informed by the court that an information had been filed against him charging him

with selling intoxicating liquor contrary to law, namely, whisky, and of his plea of guilty as charged; and was then asked by the court if he had any legal cause to show why judgment should not be pronounced against him, and no sufficient cause appearing or being alleged, the court rendered the following judgment:

"It is the judgment of the law and the sentence of this court that you, Chris Peterson, be imprisoned in the county jail of Bonner county, state of Idaho, for six months, and that said term of imprisonment begin on the date of your admission into said jail, and that you pay a fine of three hundred dollars, and that you pay the costs of this prosecution amounting to forty-four and 30/100 dollars, and that in case said fine and costs are not paid, you be imprisoned in the county jail of said county, until said fine and costs are paid at the rate of one day of imprisonment for each two dollars of said fine and costs, not exceeding —— days in all for such nonpayment of fine and costs.

"Done in open court this 10th day of December, A. D. 1910.

"R. N. DUNN,
"District Judge."

A similar commitment was issued in the second action above referred to. The defendant avers in his petition that he had not attempted to escape from the jurisdiction of said court but at all times after the payment of said fines and costs on the 10th day of December, 1910, and until the 23d day of December, 1910, when the alleged illegal detention began, he was permitted by the court to be and remain at large without any bond or any recognizance for his future appearance and without any requirement for his appearance; that on the said 23d day of December, said sheriff; without any further or other order of the court whatever and without any modification or amendment of the judgments above recited, and without any appearance of defendant or counsel being had or required in said court, and without any notice whatever to the defendant, took the defendant into custody.

and restrained and confined him in the jail in the said county under said commitments.

It appears from the petition that the judgments attached to the commitments are like the copy of the judgment above set forth, except the following provision is not contained in the judgment signed by the court and attached to the commitments, to wit: "It was further ordered that upon payment of said fine and costs the foregoing judgment of six months be suspended until the further order of this court or the judge thereof."

It is first contended by counsel for the defendant that his payment of said fines and costs ended the court's jurisdiction over the defendant, and that as the defendant was then released from being required to give any bail or sureties for his reappearance, the court had no jurisdiction or authority thereafter to commit him to serve out the term of imprisonment imposed by said sentence. In support of that contention, counsel cites *People v. Barrett*, 202 Ill. 287, 95 Am. St. 230, 67 N. E. 23, 63 L. R. A. 82; *Weaver v. People*, 33 Mich. 296; *In re Strickler*, 51 Kan. 700, 33 Pac. 620.

In the Barrett case above cited, the court held that the rendering of judgment and the final sentencing of defendant cannot be made a mere matter of discretion of the judge or public prosecutor, nor to depend upon the subsequent conduct of the convicted person.

In the Weaver case it was held that the release of a defendant on his own recognizance and without sureties usually signified that the offender is to go without punishment.

In the Strickler case, the court said:

"In this case it was attempted to hang a sentence of ninety days' imprisonment over the head of the defendant, to be executed at such time as the prosecuting attorney of Ford county or the judge of the court might see fit," and held that such a sentence was wholly unauthorized by law and that the commitment issued was illegal and directed the discharge of the prisoner.

We know of no authority in our statutes for such judgments as the ones entered in said cases. The district court

has no authority after sentencing a prisoner to a term of imprisonment to direct his release with or without bond, making such release subject to recall by the judge or court, and thereafter require the defendant to serve out the suspended term of imprisonment.

The order suspending the six months' imprisonment, no doubt, was an inducement to the defendant to immediately pay the fine and costs, which he did, and he was not required to give any bail for his further appearance in said matter, and was released from custody. It evidently was the intention to hang the sentence of six months' imprisonment over the head of the defendant to be executed at such time as the court or judge might require. As was stated in the Strickler case, *supra:*

"This would leave the defendant in a very uncertain situation. He would be unable to tell for an indefinite period whether he was a free man or a convict, and while the sentence, in terms, might be for but ninety days' imprisonment, it would be, in effect, far more severe because of the uncertainty as to the time of its execution."

If said sentences were suspended on certain conditions and the law authorized the district court to suspend them, in case the defendant was charged with violating the conditions of suspension, common justice would require that he be given a hearing, which was not done in this case. But that makes no difference in this case, as the court had no authority to suspend the sentence.

Other questions are raised that are not necessary to be determined on this hearing. The defendant having been released upon the payment of said fines and costs, under the facts of this case the court had no authority to commit the defendant to the county jail to serve out said imprisonment sentence as was done. For that reason the prayer of the petition must be granted and the prisoner discharged.

Ailshie, Presiding J., and Budge, District Judge, concur.