(No. 5195. April 24, 1928.)

In the Matter of the Application of H. C. JENNINGS for a Writ of Habeas Corpus.

[267 Pac. 227.]

M. L. Lewis, for Plaintiff.

144

Frank L. Stephan, Attorney General, and H. O. Mc-
Dougall, Assistant Attorney General, for the State.

GIVENS, J.—The petitioner was convicted of a violation
of the prohibition laws in the probate court of Jerome
county and the following judgment was rendered:

"It is therefore ordered by me that the defendant shall
pay a fine of $200 together with the costs of this case
in the amount of $5.40 and be committed to the county
jail of Jerome County, Idaho, for a period of 90 days,
said jail sentence to be suspended when the aforesaid fine
and costs are paid.

"Provided, however, that the said suspension of jail
sentence be in the nature of a parole to the sheriff of

Jerome County, Idaho, and if the said sheriff shall, at any time, have reason to believe that the said defendant, H. C. Jennings, is violating the prohibition law, and so reports to this court, it shall be deemed a violation of this judgment and the said jail sentence shall immediately take effect.''

This was dated April 21, 1927. The next day the court added the following to the docket under the head of ''Note'':

''April 22, 1927, the defendant, H. C. Jennings, is hereby paroled until November 1, 1927, upon the condition that he give a note for $205.40, being the amount of said fine and costs; the said note to be secured by a chattel mortgage on the crops growing or about to be grown on the lands farmed by the said H. C. Jennings.

''The receipt of said note and mortgage is hereby acknowledged.

''W. B. SUMMER, Probate Judge.''

Evidently the note was not paid and on January 13, 1928, petitioner obtained a temporary restraining order enjoining the treasurer of Jerome county from enforcing the chattel mortgage. On the following day the judge of the probate court issued a commitment directing the sheriff to confine the petitioner in the county jail of Jerome county in accordance with the judgment quoted above, and at the same time issued a writ of execution against petitioner's property. Petitioner was taken into custody forthwith and has ever since been detained.

An application for a writ of *habeas corpus* was denied by the district court of Jerome county and this proceeding is an appeal from that order denying the writ.

It is urged that that order is not such a ''final judgment'' as may be appealed under C. S., sec. 7152. In *Winnovich v. Emery,* 33 Utah, 345, 93 Pac. 988, 991, a well-considered case, this contention was urged and the court said:

''The test of finality for the purpose of an appeal, therefore, is not necessarily whether the whole matter involved

in the action is concluded, but whether the particular proceeding or action is terminated by the judgment.''

We conclude that this court has appellate jurisdiction in *habeas corpus* proceedings brought originally in the district court. (*Martin v. District Court,* 37 Colo. 110, 119 Am. St. 262, 86 Pac. 82; *Ex parte Petitt,* 84 Kan. 637, 114 Pac. 1071; *In re Hicks,* 20 Mich. 129; *State v. Superior Court,* 99 Wash. 619, 170 Pac. 130, L. R. A. 1918C, 921; see, also, 29 C. J. 183.) This, of course, does not conflict with nor deprive the court of its original jurisdiction granted by the constitution.

Appellant contends that the judgment of the probate court is void. Respondent concedes that that portion of the judgment wherein the court attempted to exercise the power of parole is an absolute nullity.

The court had complete jurisdiction to impose the fine and imprisonment and that part of the sentence was therefore valid. It is a general rule that where a sentence consists of a void portion and a valid portion, which are severable, the courts will give effect to the valid portion. (*Ex parte Bottjer,* 45 Ida. 168, 260 Pac. 1095; *Ex parte Erickson,* 44 Ida. 713, 260 Pac. 160; *In the Matter of Setters,* 23 Ida. 270, 128 Pac. 1111; *In re Chase,* 18 Ida. 561, 110 Pac. 1036.)

An order suspending sentence without authority, made part of a judgment or attached to it, is surplusage and will be disregarded. (*Morgan v. Adams,* 226 Fed. 719; *State v. Drew,* 75 N. H. 402, 74 Atl. 875; *State v. Abbott,* 87 S. C. 466, Ann. Cas. 1912B, 1189, 70 S. E. 6, 33 L. R. A., N. S., 112; *Reese v. Olsen,* 44 Utah, 318, 139 Pac. 941.)

The remaining question is whether the probate judge had the power to require the execution of the original judgment, in so far as it was valid, long after the judgment was rendered and after the time when the term of imprisonment specified in the judgment had expired.

There is a conflict of authority but a consideration of the cases leads us to believe that by the great weight of authority, where the court makes an unauthorized order

suspending the execution of the sentence imposed by the judgment, such order does not prevent the subsequent enforcement of the valid portion of the sentence at a later date.

Some of the courts which oppose this view take the position that the sentence begins to run as soon as it is imposed and ends when the time of imprisonment mentioned therein has expired. (*Corporate Authorities of Scottsboro v. Johnston*, 121 Ala. 397, 25 So. 809; *In re Markuson*, 5 N. D. 180, 64 N. W. 939; *In re Webb*, 89 Wis. 354, 46 Am. St. 846, 62 N. W. 177, 27 L. R. A. 356.)

It is held by other courts that jurisdiction is lost where the prisoner is permitted to go free after sentence, and that thereafter the court has no power to issue a commitment. (*United States v. Wilson*, 46 Fed. 748; *Tuttle v. Lang*, 100 Me. 123, 60 Atl. 892; *Ex parte Clendenning*, 22 Okl. 108, 132 Am. St. 628, 97 Pac. 650, 19 L. R. A., N. S., 1041.)

One of the best considered cases upholding the right of a court to issue a commitment on a judgment rendered some time before is *State v. Abbott, supra.* The facts in that case were very similar to those in the case at bar. Replying to the objections indicated above, urged by those courts opposing this view, the court said:

"The reasoning of the cases first cited we think sophistical because it rests upon the false assumption that a sentence necessarily begins to run and to be satisfied the moment it is pronounced. The execution of a sentence may be postponed by appeal, by escape, and by other causes; but the time of delay in the execution is not counted as part of the time of imprisonment fixed by the sentence. No more can the delay due to the release of the convict under a void order of the court attempting to suspend the sentence be so counted. The sentence is satisfied, not by the lapse of time after it is pronounced, but by the actual suffering of the imprisonment imposed by it. The rule is that jurisdiction remains in a court to enforce its valid judgments according to law against those who are parties

148

to them . . . . and therefore we think the reasoning in the second class of cases is unsound. This conclusion is supported by high authority,'' (citing cases).

The following cases support the above conclusion: *Morgan v. Adams, supra; Ex parte Collins,* 8 Cal. App. 367, 97 Pac. 188; *Mann v. People,* 16 Colo. App. 475, 66 Pac. 452; *Daniel v. Persons,* 137 Ga. 826, 74 S. E. 260; *Egbert v. Taner,* 191 Ind. 547, 132 N. E. 370; *Miller v. Evans,* 115 Iowa, 101, 91 Am. St. 143, 88 N. W. 198, 56 L. R. A. 101; *Fuller v. State,* 100 Miss. 811, Ann. Cas. 1914A, 98, 57 So. 806, 39 L. R. A., N. S., 242; *State v. Drew, supra; Ex parte Lujan,* 18 N. M. 310, 137 Pac. 587; *State v. Cockerham,* 24 N. C. 204.

In this state apparently the minority rule was first adopted. (*In re Peterson,* 19 Ida. 433, 113 Pac. 729, 33 L. R. A., N. S., 1067.) In the later case of *State v. Ensign,* 38 Ida. 539, 223 Pac. 230, this position was modified. One Sharp had been convicted and sentenced and had served part of his sentence when the trial court made an order annulling the jail sentence and remitting the fine. On writ of review the court said:

''Since the order made by the court is absolutely void, under the weight of authority it must be revoked and the judgment theretofore entered enforced, even though the period of the sentence may have expired.''

This holding, which, as has been indicated, is in line with the great weight of authority, is supported by sound principle. The essential portion of the sentence is the incarceration and the fine and the length and amount thereof. The time within which it is to be performed is secondary, and where the defendant acquiesces in any postponement of performance, as he plainly did in this case, he should not be permitted to complain of a delayed commitment. (*Miller v. Evans, supra; Ex parte Collins, supra.*) A judgment can only be satisfied judicially by fulfilling its requirements. (*Dolan's Case,* 101 Mass. 219; *State v. Drew, supra.*)

In the case of *In re Grove*, 43 Ida. 775, 254 Pac. 519, no judgment had been pronounced. Here a proper judgment and sentence had been pronounced, but had not been executed.

The petitioner having been lawfully committed under the commitment of January 14, 1928, his application for a writ of *habeas corpus* was properly denied. The order appealed from is affirmed.

Budge, Taylor and T. Bailey Lee, JJ., concur.

WM. E. LEE, C. J., Concurring in Part and Dissenting in Part.—I concur in holding that an appeal lies to this court from an order of the district court denying a writ of *habeas corpus*. I dissent from the remainder of the opinion.

The precise question is, whether the commitment under which petitioner is held is valid. If it is invalid, his custody is unlawful and he should be discharged.

It is my opinion that the probate judge exhausted his jurisdiction on April 21, 1927, when the judgment was made and entered and petitioner was committed to the sheriff for imprisonment until the judgment was satisfied, and that he was, therefore, without jurisdiction, on January 16, 1928, to again commit petitioner to the custody of the sheriff. Such is the rule in this state. (*In re Peterson*, 19 Ida. 433, 113 Pac. 729, 33 L. R. A., N. S., 1067. See, also, the well-considered opinion of the supreme court of Oklahoma in *Ex parte Clendenning*, 22 Okl. 108, 132 Am. St. 628, 97 Pac. 650, 19 L. R. A., N. S., 1041, and the authorities there cited.) In the Ensign case, 38 Ida. 539, 223 Pac. 230, a district judge had made an order annulling a jail sentence and remitting a fine. On *certiorari* to review the order, this court said:

"In the present instance the action to which the order purports to relate was no longer pending and the court had no jurisdiction to take any further action."

I am unable to understand how this holding supports the majority opinion. The validity of the order was the only question for decision in the Ensign case; and the statement that the judgment theretofore entered should be enforced " . . . . even though the period of the sentence may have expired" had no bearing whatever on the validity of the order and is clearly *dicta*.