# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 42774

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

LANCE TYRELL TAYLOR,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, April 2016 Term

2016 Opinion No. 65

Filed: June 10, 2016

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The district court's order is <u>affirmed</u> insofar as it awarded credit for time served for periods (i), (iii), and (iv). However, we <u>reverse</u> the district court's decision denying credit for time served for period (ii). The case is <u>remanded</u> to the district court for determination of the total number of days to be applied against appellant's sentence.

Sara B. Thomas, State Appellate Public Defender, Boise, attorney for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for respondent. Kenneth K. Jorgensen argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Lance Taylor ("Taylor") appeals an order from the district court denying him credit for time served as a condition of probation; specifically, periods of incarceration during his drug court program. Taylor argues the district court's order was erroneous for two reasons.

First, Taylor argues that the amendments to Idaho Code sections 18-309 and 19-2603 (the "Credit Statutes"), effective July 2015, should be given retroactive effect such that he should receive credit for time served as a condition of his probation. Second, Taylor argues that even if the amended Credit Statutes are not given retroactive effect, he is entitled to credit for time served. He contends that the terms and conditions of his probation did not authorize discretionary

1

jail time; therefore, the district court's conclusion that he was not entitled to credit for his incarceration during drug court because it was a condition of probation was erroneous.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2013, Taylor pleaded guilty to one count of grand theft. The district court sentenced Taylor to a term of ten years. From the date of his original arrest to the initial sentencing, Taylor was incarcerated 292 days, which was credited towards his sentence. However, the district court suspended the imposition of the sentence and placed Taylor on probation for ten years to commence March 26, 2013. The district court's Judgment of Conviction, Suspended Sentence, and Order of Probation provided, as a condition of probation, that Taylor must successfully enroll in and complete Ada County Drug Court.

Taylor participated in the drug court program from March 27, 2013 until April 15, 2014. He violated drug court rules numerous times, which resulted in his periodic incarceration. On October 2, 2013, the drug court issued a bench warrant for failure to comply with the drug court order. Taylor was arrested on that bench warrant on February 26, 2014. On March 24, 2014, while Taylor was in custody, the State moved for Taylor's discharge from the drug court program, alleging that Taylor violated the drug court agreement in a variety of ways. Taylor admitted to a number of the alleged violations, and the district court ordered Taylor's discharge from the drug court program. On April 15, 2014, Taylor was discharged from drug court. Upon his dismissal from drug court, Taylor remained incarcerated until his disposition hearing on June 12, 2014, when the district court revoked Taylor's probation and resentenced him for a total term of seven years. The district court credited Taylor with 292 days served in pre-judgment incarceration.[1] The district court noted that Taylor did "<u>NOT</u> receive credit for any discretionary jail time ordered by the probation officer or any jail time served as a condition of probation." (Emphasis in original).

On July 7, 2014, Taylor filed a *pro se* motion requesting credit for time served. In an affidavit, Taylor stated that he was incarcerated for five periods, three of which resulted from violating drug court rules. However, the district court held that Taylor was not entitled to file *pro se* motions while represented by counsel; therefore, the district court struck his motion.

---

[1] The district court noted that that the 292 days consisted of: (1) 211 days that Taylor was given in the Judgment of Conviction, Suspended Sentence and Order of Probation entered on March 26, 2013; and (2) 81 days served on the probation violation. The district court amended this order on August 5, 2014 to reflect the fact that the initial order did not give Taylor credit for the entire 107 days he spent in custody on the probation violation.

2

Following Taylor's *pro se* motion, his defense counsel filed a motion to amend judgment; however, the motion only requested credit for the following two periods of incarceration: (1) 227 days, dating from Taylor's original arrest to his release for drug court: August 13, 2012 to March 27, 2013; and (2) 107 days, dating from Taylor's arrest on a bench warrant to his probation violation disposition: February 26, 2014 to June 12, 2014. Accordingly, defense counsel requested the district court to amend Taylor's judgment to reflect 334 days of credit for time served.

On August 5, 2014, the district court issued an Order Granting in Part and Denying in Part Taylor's Rule 35 Motion. Specifically, the district court found that Taylor was "operating under the misunderstanding that he is entitled to credit for time served as a condition of probation while on probation. He is not." However, the district court amended its previous order regarding the amount of time Taylor served pending his probation violation. The amendment increased his time served during that period from 81 days to 107 days. Accordingly, Taylor was credited with a total of 318 days.

At a hearing on August 18, 2014, defense counsel requested the district court to reconsider its calculation of 318 days of credit for time served, arguing that the correct calculation was 334 days. The district court denied the motion for additional credit for time served, stating, "[t]here is nothing in the record to support the claim." On September 22, 2014, Taylor, through counsel, filed another motion to amend judgment. This motion attached documentation of incarceration dates, but the calculations of incarceration periods were otherwise identical to the previous request. Separately, Taylor filed his second *pro se* motion requesting credit for time served. His calculations were slightly different from his previous *pro se* motion, as he requested credit for a total of 381 days. There is nothing in the record indicating that the district court struck this *pro se* motion.

In its response motion, the State raised several questions regarding the drug court's authority and bases for periodically incarcerating Taylor. The State calculated Taylor's incarceration record as totaling 391 days.

The district court disagreed. It concluded that there were four periods during which Taylor was incarcerated, each with a different legal basis: (i) incarceration before sentencing; (ii) incarceration as a participant in drug court; (iii) incarceration following arrest on the bench warrant issued after he absconded from drug court, but before the motion for probation violation

was filed; and (iv) incarceration following the motion for probation violation but before disposition. Regarding period (i), the district court ruled that Taylor was entitled to credit for this time because it was served prior to the imposition of sentence. Regarding period (ii), the district court ruled that Taylor, as a drug court participant, served this time as "sanctions imposed as part of the drug court regime to which [Taylor] consented at the time of accepting drug court as a condition of probation." Accordingly, the district court ruled that Taylor was not entitled to credit for this period of incarceration. Regarding period (iii), the district court agreed with the State's contention that Taylor's arrest on February 26, 2014, was difficult to characterize because a motion for probation violation had not been filed at that point. However, the district court concluded that the arrest was the "functional equivalent of a bench warrant issued under I.C. § 19-2602." Accordingly, Taylor's incarceration for period (iii) was not imposed as a sanction for violating drug court rules, but as a consequence of absconding; therefore, the district court credited Taylor with 107 days of incarceration following the February arrest. Lastly, the district court ruled that Taylor was entitled to 333 total days of credit for time served, including period (iv) which was "up to and including June 12, 2014, the date of disposition on probation violation."

Subsequent to the district court's order, Taylor sent a letter to the district court requesting credit for an additional 53 days, the period of July 21, 2013, to September 13, 2013, when he was incarcerated for violating drug court rules. Thus, Taylor requested a total of 386 days of credit for time served. The district court acknowledged the letter, but did not act on this request. On December 5, 2014, Taylor filed a notice of appeal.

### III. ISSUES ON APPEAL

1.      Whether the 2015 amendments to the Credit Statutes are retroactive.
2.      Whether the district court erred in interpreting the probation agreement and calculating the credit for time served to which Taylor is entitled.

### IV. STANDARD OF REVIEW

"The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005) (citing *State v. Hale*, 116 Idaho 763, 764, 779 P.3d 438, 439 (Ct. App. 1989)).

We exercise free review over statutory interpretation because it is a question of law. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). Our

objective when interpreting a statute is "to derive the intent of the legislative body that adopted the act." *Id.* (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). Statutory interpretation begins with the statute's plain language. *Dunlap*, 155 Idaho at 361, 313 P.3d at 17. This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. When the statute's language is unambiguous, the legislature's clearly expressed intent must be given effect, and we do not need to go beyond the statute's plain language to consider other rules of statutory construction. *Id.* at 361-62, 313 P.3d at 17-18.

*State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015).

If the words of the statute are subject to more than one meaning, it is ambiguous and this Court must construe the statute "to mean what the legislature intended it to mean. To determine that intent, [this Court] examine[s] not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history."

*Doe v. Boy Scouts of America*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009) (quoting *State v. Doe*, 147 Idaho 326, 328, 208 P.3d 730, 732 (2009)).

## V. ANALYSIS

### A.    The 2015 amendments to the Credit Statutes are not retroactive.

Taylor makes the same argument that this Court addressed in *State v. Leary*, No. 43097 (Idaho June 1, 2016). In *Leary*, this Court held that the amended Credit Statutes are not retroactive. For the same reasons expressed in *Leary*, we hold that the amended Credit Statutes are not retroactive.

### B.    The district court erred in interpreting the probation agreement and calculating the credit for time served to which Taylor is entitled.

The amended Credit Statutes do not have retroactive effect, nor were they enacted when Taylor's credit for time served was calculated. Therefore, the pre-amended versions of the Credit Statutes, which were in effect when Taylor's credit for time served was calculated, govern this analysis.

Taylor correctly noted in his brief that "[n]o two calculations of the time Mr. Taylor has been incarcerated, or for which he should therefore be receiving credit, appear to be the same." Because the record does not clarify the specific dates of Taylor's incarceration, it is helpful to analyze the periods of incarceration in the terms used by the district court: (i) incarceration before sentencing; (ii) incarceration as a drug court participant; (iii) incarceration following arrest on the bench warrant issued after he absconded from drug court, but before the motion for probation violation was filed; and (iv) incarceration following the motion for probation violation

5

but before disposition. Generally, the parties and the district court agree that Taylor is entitled to credit for time served for periods (i), (iii), and (iv); however, the exact dates of these periods are not clear. We agree that Taylor is entitled to credit for time served during periods (i), (iii), and (iv), but remand the issue to determine the exact dates of his incarceration. The crux of this appeal is whether Taylor is entitled to credit for period (ii), his incarceration during his participation in drug court. We hold that he is entitled to credit for period (ii).

"The language of I.C. § 18-309 is mandatory, and requires that in sentencing a criminal defendant, the sentencing judge give the appropriate credit for pre-judgment incarceration." *State v. Buys*, 129 Idaho 122, 125, 922 P.2d 419, 422 (Ct. App. 1996) (quoting *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991)).

Taylor is entitled to credit for the time he was incarcerated as a drug court participant for two reasons. First, Taylor is entitled to credit for time served while in drug court pursuant to Idaho Code section 18-309. The applicable portion of the statute states,

> The remainder of the term [of imprisonment] commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

Idaho Code § 18-309. Under the statute, the term of imprisonment "commences upon the pronouncement of sentence." In this case, the district court pronounced Taylor's sentence on March 26, 2013. That is when he began serving his sentence. The statute further provides that "if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term." Taylor was released from custody and entered drug court. However, he was later incarcerated several times while in drug court. The statute provides that the time he was "at large must not be computed as part of [his] term [of imprisonment]." Black's Law Dictionary defines "at large" as "[f]ree; unrestrained; not under control." BLACK'S LAW DICTIONARY 151 (10th ed. 2014). During oral argument, the State admitted that Taylor was not at large while in jail. Therefore, the statute requires that Taylor be given credit for the times that he was incarcerated while in drug court.

Second, Taylor did not voluntarily agree to be incarcerated at the discretion of the drug court or his probation officer; therefore, the time served cannot be characterized as discretionary jail time. The district court's written probation order, to which Taylor agreed, controls as to the

6

conditions of probation. Idaho Code section 19-2601(2) provides: "a court may place a defendant on probation subject to such terms and conditions as it deems necessary and expedient." *State v. Banks*, 121 Idaho 608, 610, 826 P.2d 1320, 1322 (1992). Furthermore, "[a] defendant may decline the probation terms which the court offers." *Id*. at 610 n.1, 826 P.2d at 1322 n.1. When the court suspends the judgment and places the defendant on probation, the conditions of probation must be included in the written document suspending the judgment.[2] Accordingly, Taylor is correct in arguing that whether discretionary jail time is a condition of probation depends on what is set out by the district court, and agreed to by Taylor, in the probation order. *Buys* demonstrates the proper interpretation of a probation order in determining credit to which a defendant is entitled.

In *Buys*, the Idaho Court of Appeals analyzed, *inter alia*, whether the defendant was entitled to credit for time served for two periods of incarceration: (1) time served as a condition of probation; and (2) time served upon arrest for a probation violation. *Buys*, 129 Idaho at 125–27, 922 P.2d at 422–24. The court stated the general rule as follows: "any period of incarceration . . . counts against the sentence of imprisonment so long as the incarceration is attributable to the offense . . . ." *Id.* at 126, 922 P.2d at 423. However, the *Buys* court noted that this Court, in *Banks*, carved out an exception to the general rule: "incarceration served after pronouncement of the sentence [is] not to be credited against the sentence if the jail time was required as a condition of probation." *Id.* The *Buys* court explained: "confinement in exchange for the benefit of probation is a voluntary choice of the defendant, who has the option of declining the probation terms and, instead, serving the sentence which the court has pronounced . . . ." *Id.* Accordingly,

---

[2] In *State v. Ensign*, 38 Idaho 539, 223 P. 230 (1924), the district court entered an order annulling the defendant's jail sentence and remitting his fine after the court no longer had jurisdiction in the case. *Id*. at 541, 223 P. at 231. The applicable statute provided that, except for defendants convicted of specified crimes, "the court may in its discretion, suspend the execution of judgment or withhold judgment on such terms and for such time as it may prescribe." Idaho Comp. Stats. § 9041 (1919). This Court held that this provision required that "such parole or suspension of sentence must be included therein [the judgment] and become a part thereof." *Id*. at 544, 223 P. at 231.

In *In re Peterson*, 19 Idaho 433, 113 P. 729 (1911), the district court sentenced the defendant to six months in jail a fine of $300 plus court costs of $44.30, and the judgment provided that "upon payment of said fine and costs, the foregoing judgment of six months' imprisonment be suspended until the further order of this court or the judge thereof." *Id*. at 436, 113 P. at 729. There were no terms of probation. The defendant later pled guilty to another charge of the same kind, and the court ordered the defendant to serve the six months in jail that was suspended in the first case. *Id*. at 436-67, 113 P. at 729. This Court granted the defendant's petition for a writ of habeas corpus and ordered him released. We held, "The defendant having been released upon the payment of said fines and costs, under the facts of this case the court had no authority to commit the defendant to the county jail to serve out said imprisonment sentence as was done." *Id.* at 439, 113 P. at 731.

if incarceration is not a voluntarily accepted condition of probation, it is credited against the sentence of imprisonment. The defendant's probation agreement in *Buys* did not authorize discretionary jail time beyond the one year that the defendant had already served. *Id.* at 127, 922 P.2d at 424. Therefore, the defendant was not entitled to credit for the one year of time served to which he voluntarily agreed in the probation agreement. However, the court found that the time served, in excess of the one year, was not voluntarily accepted as a condition of probation; therefore, the defendant was entitled to credit for that time. *Id.* at 128, 922 P.2d at 425.

Here, the judgment entered by the district court set forth the conditions under which Taylor was placed on probation. Condition A stated, "That the probation is granted to and accepted by the probationer, subject to all its terms and conditions and with the understanding that the Court may at any time, in case of the violation of the terms of the probation, cause the probationer to be returned to the Court for the imposition of sentence as prescribed by law or any other punishment as the Court may see fit to hand down." Condition D listed fourteen "[s]pecial conditions." None of them included serving incarceration as a condition of probation. Special conditions nos. 13 and 14 stated:

> 13.    Defendant is advised that time spent on probation is not credited against any underlying incarceration (jail time or prison) imposed. Defendant is at risk for imposition of the entire underlying sentence, with credit for any time served which was not imposed as a condition of probation, no matter how long defendant has been on probation, if he violates the terms of probation and the violation should be proved or admitted.
> 14.    Defendant must successfully enroll in and complete Ada County Drug Court.

Condition no. 13 advised Taylor that he would receive "credit for any time served which was not imposed as a condition of probation." The conditions of probation did not impose any incarceration as a condition of probation. Therefore, by the terms of probation Taylor was entitled to credit for time served while in drug court. Condition no. 14 stated that Taylor must "successfully enroll in and complete Ada County Drug Court." It made no mention of serving any incarceration as a condition of probation.

Thus, under the judgment of conviction entered on April 1, 2013, Taylor was entitled to credit for time served during drug court. He was entitled to "credit for any time served which was not imposed as a condition of probation," and the judgment did not require that he serve any period of incarceration as a condition of probation.

## VI. CONCLUSION

We affirm the district court's order insofar as it awarded credit for time served for periods (i), (iii), and (iv). However, we reverse the district court's order insofar as it denied credit for time served for period (ii). The case is remanded to the district court for determination of the total number of days to be applied against Taylor's sentence.

Chief Justice J. JONES and Justices EISMANN, BURDICK and HORTON CONCUR.