**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43094**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 710 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 28, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANDRES ALVAREZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order revoking probation and order denying motion for credit for time served, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Andres Alvarez appeals from the district court's revocation of probation and denial of credit for time served as a condition of probation. Alvarez argues the district court erred in two ways. First, Alvarez asserts the district court erred when it denied his request for credit for time served as a condition of probation. Second, Alvarez argues the district court abused its discretion when it revoked his probation. Because the application of the amendment to the credit for time served statute is not retroactive and Alvarez's credit for time served was calculated prior to the effective date of the amendment, and the district court properly revoked probation, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, a jury found Alvarez guilty of battery on a correctional officer. The district court imposed a unified sentence of three years, with six months determinate, but suspended the sentence and placed Alvarez on probation. Alvarez appealed the sentence on the grounds the court abused its discretion. This Court affirmed the district court's sentence. *State v. Alvarez*, Docket No. 41986 (Ct. App. Mar. 6, 2015) (unpublished).

Several months later, the State filed a motion for bench warrant for probation violation alleging Alvarez violated his probation by changing his residence and by failing to: (1) attend treatment; (2) maintain full-time employment; (3) report to his supervising officer on two separate occasions; (4) reimburse Ada County for services of the public defender; and (5) pay fees. The State later amended the motion for probation violation to include a violation that Alvarez received new criminal charges of misdemeanor battery. Alvarez admitted he violated his probation on three of the alleged counts: failure to maintain full-time employment, failure to pay fees, and failure to reimburse Ada County for public defender services. As a result, the district court revoked probation with a written order on March 26, 2015. In that order, the district court credited Alvarez for 184 days of jail time served. Alvarez filed a timely notice of appeal from the order revoking probation. The court entered a corrected order revoking probation, imposing sentence, and commitment signed on June 30, 2015, but filed on July 1, 2015. The corrected order recalculated credit for time served.

On May 26, 2015, while the appeal was pending, Alvarez filed a motion for credit for time served and an affidavit in support of the motion. On or before June 30, 2015, the district court recalculated Alvarez's credit for time served and denied in part and granted in part the motion for credit for time served as a condition of probation. The order adjusted Alvarez's credit for time served to total 227 days served and was filed July 2, 2015.

# II.

## STANDARD OF REVIEW

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly

2

erroneous." *Id*. Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

## III.

## ANALYSIS

Alvarez makes two arguments on appeal. First, Alvarez argues the district court erred when it denied him credit for time served as a condition of probation. Second, Alvarez argues the district court abused its discretion when it revoked his probation and imposed his original sentence. In both regards, Alvarez's arguments fail.

**A.      The District Court Did Not Err When it Denied Alvarez Credit for Time Served as a Condition of Probation**

Alvarez argues he is entitled to credit for the entire time he spent in custody as a condition of probation. We disagree.

At issue are Idaho Code Sections 18-309 and 19-2603, which concern credit for incarceration ordered as a condition of probation.

Idaho Code Section 18-309(2), as amended in 2015, provides:

> In computing the term of imprisonment when judgment has been withheld and is later entered or sentence has been suspended and is later imposed, the person against whom the judgment is entered or imposed shall receive credit in the judgment for any period of incarceration served as a condition of probation under the original withheld or suspended judgment.

As amended in 2015, I.C. § 19-2603 provides:

> When the court finds that the defendant has violated the terms and conditions of probation, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, revoke probation. The time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence. The defendant shall receive credit for time served from the date of service of a bench warrant issued by the court after a finding of probable cause to believe the defendant has violated a condition of probation, for any time served following an arrest of the defendant pursuant to section 20-227, Idaho Code, and for any time served as a condition of probation under the withheld judgment or suspended sentence.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that in sentencing a criminal defendant or when hearing an Idaho Criminal Rule 35(c) motion for credit for time served, the court give the appropriate

3

credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.* *See also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, a defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

Alvarez asserts the plain language of the 2015 statutory amendments require the district court to calculate credit pursuant to amendments that were effective at the time credit was calculated. The threshold issue here is whether the district court calculated Alvarez's credit for time served before the statutory amendments became effective on July 1, 2015. Alvarez argues that on or after July 1, 2015, the district court entered its orders calculating Alvarez's credit for time served. The State disagrees, focusing on the initial order revoking probation, which the district court filed on March 26, 2015.

Our Supreme Court addressed this issue in *State v. Taylor*, 160 Idaho 381, 373 P.3d 699 (2016) and held:

> The amended Credit Statutes do not have retroactive effect, nor were they enacted when Taylor's credit for time served was calculated. Therefore, the pre-amended versions of the Credit Statutes, which were in effect when Taylor's credit for time served was calculated, govern this analysis.

*Id.* at 385, 373 P.3d at 703.

Here the district court calculated Alvarez's time served before the amended statutes were in effect. The pre-amended versions of I.C. § 18-309 and I.C. § 19-2603 were in effect when the district court made its calculations regarding Alvarez's credit for time served. First, the district court provided its initial calculations of credit on March 26, 2015, in the order revoking probation, imposing sentence and commitment. There, the district court ordered the following:

> Pursuant to I.C. § 18-309, the defendant shall receive credit for a total of one hundred eighty-four (184) days served in pre-judgment incarceration toward the FIXED portion of the term. The total credit for time served consists of one

4

hundred twenty (120) days credit defendant was given in the Judgment of Conviction, Suspended Sentence and Order of Probation and Commitment entered on February 12, 2014, and sixty-four (64) days served on the probation violation. The defendant does <u>NOT</u> receive credit for any discretionary jail time ordered by the probation officer or any jail time served as a condition of probation.

Second, the district court made changes to this initial calculation in its corrected order revoking probation, imposing sentence, and commitment. The adjusted order was identical to the initial order, aside from several calculations for credit for time served. The corrected order provided the following calculations:

Pursuant to I.C. § 18-309, the defendant shall receive credit for a total of two hundred twenty-six (226) days served in pre-judgment incarceration toward the FIXED portion of the term. The total credit for time served consists of one hundred twenty-seven (127) days defendant served presentence incarceration, and ninety-nine (99) days served on the probation violation. The defendant does <u>NOT</u> receive credit for any discretionary jail time ordered by the probation officer or any jail time served as a condition of probation.

The adjusted calculations were completed by June 30, 2015, and the corrected order explains the order was effective March 25, 2015. Although the order was not filed until July 1, 2015, the credit for time served was calculated prior to July 1, 2015.[1]

Third, in response to a pro se motion for credit for time served, the district court composed an order denying the motion. While it addressed the motion in greater detail, the court order reflected the same calculations as the corrected order revoking probation, imposing sentence, and commitment. Similarly, the order was dated June 30, 2015, demonstrating the calculations were completed on or before that date. Again, although the order re: motion for credit for time served was not filed until July 2, 2015, the content of such order reveals the calculations were made prior to July 1.

**B.**   **The District Court Did Not Abuse its Discretion When it Revoked Alvarez's Probation and Imposed His Original Sentence**

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122

---

[1]   We recognize the order was not in effect until July 1, 2015, when the order was filed and stamped. Idaho Rule of Civil Procedure 58(a) states: "The filing of a judgment by the court as provided in Rule 5(d) or the placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment, and the judgment is not effective before such entry." However, the issue here was not the filing date, but rather the date the time credit was calculated.

Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Idaho Code Section 20-222(2) provides that "the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court . . . may revoke the probation and suspension of sentence and cause the sentence imposed to be executed. . . ." Further, I.C.R. 33(f) provides:

> The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. The court shall not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation.

On appeal, Alvarez asserts the district court abused its discretion when it revoked his probation and executed his original sentence of three years, with six months determinate. Alvarez argues the violations did not justify the court revoking his probation, especially since he was initially employed, engaged in treatment, and making restitution payments. However, Alvarez admitted to committing the following probation violations: failure to maintain full-time employment, failure to pay fees, and failure to reimburse Ada County for public defender

6

services.  These violations provide sufficient basis to support the district court's order revoking probation.  Therefore, we affirm the district court and find it did not abuse its discretion when it revoked Alvarez's probation and imposed his original sentence.

## IV.

## CONCLUSION

For the reasons set forth above, we hold the district court did not err when it denied Alvarez's request for credit for time he served as a condition of probation.  We also hold the district court did not err when it revoked Alvarez's probation.  Accordingly, we affirm the district court's denial of his motion for credit for time served and the order revoking probation.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.