# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44534

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 333 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 23, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| ZUATNEY GONZALEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order on I.C.R. 35 motion for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Zuatney Gonzalez appeals from the district court's order on her I.C.R. 35 motion for credit for time served. For the reasons set forth below, we affirm.

On October 21, 2015, Bannock County issued an arrest warrant for Gonzalez for charges of criminal possession of a financial transaction card, burglary, and grand theft. Gonzalez was served with the Bannock County warrant while she was incarcerated in Canyon County on unrelated charges. After Gonzalez was sentenced in her Canyon County case, she was transported to Bannock County where she ultimately pled guilty to two counts of criminal possession of a financial transaction card and was sentenced to concurrent unified terms of five years, with minimum periods of confinement of one year. Gonzalez's judgment indicated that she would receive credit for time served in the Bannock County Jail. Gonzalez subsequently

1

filed a motion requesting credit for time served from October 21, 2015 (the date the Bannock County warrant was issued), until March 9, 2016 (the date she was transferred from Canyon County to Bannock County). Attached to Gonzalez's motion was a copy of the Bannock County warrant with a service date of March 3, 2016, and what appears to be a jail tracking report. The district court awarded Gonzalez credit for time served from March 3, 2016, until May 2, 2016. Gonzalez appeals.[1]

Gonzalez argues that the district court erred in not awarding her credit for the time she served between December 11, 2015, which she characterizes as the date she was "held" on the Bannock County warrant, and March 3, 2016. The State argues that Gonzalez's appellate claim is not preserved because Gonzalez's argument on appeal (that she is entitled to credit from December 11, 2015) is different than the theory she presented below, which was that she is entitled to credit from October 21, 2015. We agree that Gonzalez's request for additional credit for time served from December 11, 2015, is not preserved.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Issues not raised below generally may not be considered for the first time on appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Although the question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts, we defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016); *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005).

The district court specifically found that Gonzalez was first served with the Bannock County warrant on March 3, 2016. This finding was supported by the evidence Gonzalez presented in support of her motion, *i.e.*, a copy of the Bannock County warrant reflecting a March 3, 2016, service date. Gonzalez also attached a copy of a booking sheet to her motion that included a reference to December 11, 2015, following the phrase "WENT TO BANNOCK

---

[1]     Gonzalez's appeal is timely only from the district court's I.C.R. 35 decision and not timely from the judgment of conviction.

COUNTY Other County Hold." Gonzalez never argued the significance of that date to the district court, nor did she ask the district court to make any factual finding regarding that date in relation to her motion. Instead, Gonzalez asks this Court, for the first time on appeal, to find that December 11, 2015, was the date she was in custody on the Bannock County warrant for purposes of calculating credit for time served. We decline to do so. Gonzalez is not allowed to argue to this Court that the district court's decision was in error based on an argument that was never presented to the district court for consideration. Therefore, the order on Gonzalez's Rule 35 motion is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.