**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48603**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 16, 2021** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PHILIP RAYMOND CHURCH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Orders denying motion for credit for time served and for reconsideration, <u>affirmed</u>.

Philip R. Church, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Philip Raymond Church appeals from the judgment of the district court denying both his motion for credit for time served and motion for reconsideration. Church argues credit for time served should include his time on probation. Since Idaho law clearly states probation is not to be considered as credit for time served, the district court did not err. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2012, Church received a ten-year prison sentence for conspiracy to commit grand theft by extortion. Jurisdiction was retained under Idaho Code § 19-2601(4), and later Church was placed on probation. Church violated probation on three separate occasions. Subsequently, his probation was revoked and his sentence ordered into execution. He was originally awarded 860 days of credit for time served.

1

Church filed a motion asking the district court to revisit the calculation of credit for time served. The district court found a discrepancy in the calculation and reduced Church's award to 856 days. The district court denied Church's motion for credit for time served for time he spent on probation. Subsequently, Church's motion to reconsider was denied. Church timely appeals.

## II.

## ANALYSIS

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

Under Idaho law, credit for time served is awarded only for periods of incarceration. I.C. § 18-309. When a sentence is imposed after a probation revocation, I.C. § 19-2603 governs the calculation of credit for time served. According to I.C. § 19-2603, probationers are entitled to credit for time served: (1) following service of a bench warrant for an alleged probation violation; (2) following an arrest on an agent's warrant for an alleged probation violation; and (3) time served as a condition of probation. The statute further states: "The time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence." I.C. § 19-2603.

Based upon the express language of the statute dictating that probation will not be calculated for credit for time served, the district court concluded no credit was due for the time that Church was on probation. Because Church's claim is inconsistent with the plain language of I.C. § 19-2603, he has failed to show that the district court erred by denying him additional credit for the time he was on probation.

## III.

## CONCLUSION

The district court did not err by refusing to grant Church credit for any time he was on probation. Consequently, the district court's orders denying Church's motions for credit for time served and for reconsideration are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

2